Hart, J.
 

 The sole question presented -in this case is whether there is any authority under Sections 8625-5- and 8625-19, General Code, whereby service of sum-* mons upon the designated statutory agent of a foreign corporation, after the license of such corporation to do business in Ohio has been canceled, is effectual to-
 
 *462
 
 give a court jurisdiction over the person of the foreign corporation so as to enable the court to render a valid judgment in an action for personal injuries suffered at the hands of the corporation while it was licensed to do business in this state.
 

 The solution of the problem requires the application of Sections 8625-5 and 8625-19, General Code, to the particular situation presented by the undisputed facts in this case.
 

 The pertinent parts of such sections are as follows:
 

 Section 8625-5. “To procure a license, a foreign corporation for profit shall file with the Secretary of State:
 

 # , * # #
 
 if
 

 “(e) The appointment of a person, resident of the county in which the principal office of the corporation in this state is located, upon whom process against such corporation may be served within this state, and his complete residence address; also, if the corporation desires, his business address.
 

 “(f) The irrevocable consent of such corporation to service of process on such agent so long as the authority of such agent shall continue as provided in this act and to service of process upon the Secretary of State in the event the agent so designated cannot be found, or in the other events provided for in this act.”
 

 Section 8625-19. “The Secretary
 
 jof
 
 State shall be the agent of a foreign corporation, whether heretofore or hereafter licensed to do business in this state, upon whom process against it from any court in this state or from any public authorities may be served within this state in the event that the designated agent cannot be found or if the corporation shall have failed to designate another agent when required to do so under this act, or if the license of a corporation to
 
 *463
 
 do business in this state has expired or has been canceled. * * *
 

 “Nothing herein shall limit or affect the right to serve process upon a foreign corporation in any other manner permitted by law.”
 

 This court is of the opinion that there is no ambiguity in these statutes, which require judicial construction, but that the plain language of Section 8625-19, General Code, is determinative of the question in issue. Applied to the facts in the original action, Section 8625-19, General Code, reads as follows:
 

 “The Secretary of State
 
 shall he
 
 the agent of a foreign corporation, * * * upon whom process against it from any court in this state * * * may be served within this state in the event that * * ® the license of a corporation to do business in this state * * * has been canceled.” (Italics supplied.)
 

 In view of the plain letter of the statute, cases construing former Sections 178, 179 and 181, General Code, and cases construing the statutes of other states, not identical with Section 8625-19, General Code, are not helpful. Although, under Section 8625-5, General Code, the corporation must consent to service of process on the statutory agent “so long as the authority of such agent shall continue as provided in this act,” yet that authority so far as service of summons upon such agent is concerned, ceases “if the license of a corporation to do business * * * has been canceled” for the very good reason that Section 8625-19, General Code, provides that in that event “the Secretary of State
 
 shall he
 
 the agent of a foreign corporation, *
 
 * *
 
 upon whom process against it
 
 * *
 
 * may be served within this state.” (Italics supplied.)
 

 Undoubtedly the intent of the General Assembly in the adoption of the present form of the statute was to
 
 *464
 
 prevent what happened in this case, namely the failure of the designated agent, no longer interested perhaps in the foreign corporation out of business in this state, to forward the summons to the corporation or to notify it of the service of summons upon him. The statute now makes it obligatory on the Secretary of State to notify the corporation when any such service is made upon him and to forward to the office of the corporation copies of such process. This is now a •prerequisite of valid service of such process.
 

 Appellants contend further that the controlling-word in Section 8625-19, General Code, is not the word “shall” but the word “or,” with the result that the plaintiff in the original action was given an alternative to serve either the designated statutory agent or the ;Sécretary of State. A careful reading of the statute ■does not warrant such construction. Clearly the word “or” in the statute is used disjunctively in enumerating the three separate and different occasions when the service must be made upon the Secretary of State, namely, when “the designated agent cannot be found” within the state; when “the corporation shall have failed to designate another agent when required to do so”; and when “the license of a corporation to do business in this state has expired or has been canceled.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias, Zimmerman, .Sohngen and Stewart, JJ., concur.